**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| NC-DSH, INC., dba Desert Springs Hospital Medical Center, | No. 10-16769 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 2:10-cv-00124-GMN-PAL |
| v. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1107, | MEMORANDUM[*] |
| Defendant-counter-claimant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted October 26, 2011
San Francisco, California

Before: GRABER and IKUTA, Circuit Judges, and KAPLAN,[**] Senior District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Lewis A. Kaplan, Senior United States District Judge for
the Southern District of New York, sitting by designation.

Plaintiff, NC-DSH, Inc., dba Desert Springs Hospital Medical Center ("the Employer"), entered into a Collective Bargaining Agreement ("CBA") with Defendant, Service Employees International Union, Local 1107 ("the Union"). The parties agreed to arbitrate all disputes, or "grievances," arising from the CBA. The Union filed two separate grievances against the Employer on behalf of two employees who had been disciplined; the Union argued that the Employer lacked "just cause" for the discipline. A different arbitrator resolved each grievance, both in favor of the Union. The district court vacated both arbitrators' awards, and the Union appeals.

The district court erred in vacating the arbitrators' awards. A court has "no business weighing the merits of the grievance." United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 37 (1987) (internal quotation marks omitted). To successfully challenge an arbitrator's decision, one "must clear a high hurdle. It is not enough . . . to show that the [arbitrators] committed an error—or even a serious error." Stolt-Nielsen N.A. v. AnimalFeeds Int'l Corp., 130 S. Ct. 1758, 1767 (2010). It must be manifest that the arbitrator imposed his or her personal view of sound public policy or dispensed a personal brand of industrial justice, untethered to the CBA. Id. at 1767–68. Nevertheless, an award will stand even "if it is based on the arbitrator's understanding of industry practices. An arbitrator is 'not

2

confined to the express terms of the contract' but may also consider the 'industrial common law' which 'is equally a part of the collective bargaining agreement although not expressed in it.'" SFIC Props., Inc. v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. Lodge 94, Local Lodge 311, 103 F.3d 923, 925 (9th Cir. 1996) (quoting Federated Dep't Stores v. United Food & Commercial Workers Union, Local 1442, 901 F.2d 1494, 1497 (9th Cir. 1990)).

Here, the underlying disciplinary grievances were classic examples of arbitrable disputes. Even if the arbitrators were wrong in their reading or application of the CBA, they did read and apply the CBA to the facts in front of them, expressly reciting the relevant CBA provisions and attempting to harmonize them. We see no reason to depart from the standard rule of deference, as nothing in either arbitrator's decision suggests impropriety.

Because we reverse, we need not reach any other issue.

The judgment of the district court is **REVERSED** and the case is **REMANDED** with instructions to affirm both arbitration awards and to enter judgment in favor of the Union.

3

*NC-DSH, Inc. v. Service Employees International Union, Local 1107*, 10-16789
IKUTA, Circuit Judge, dissenting in part:

Even arbitrators must be reversed when they turn a blind eye to the language of a collective bargaining agreement (CBA). Here, the arbitrators had to construe Article 19 of the agreement, which said: "[t]he arbitrator shall have no authority to modify or alter the discipline or penalty imposed by the hospital unless it is established by a preponderance of the evidence that there was not just cause for the discipline." Despite the Union's ingenious efforts to rewrite this section, there is no getting around its plain meaning: unless *someone* establishes the *absence* of just cause by a preponderance of evidence, the arbitrator has no authority to change the hospital's decision on discipline. Obviously, the hospital did not establish "that there was not just cause"; to do so would be contrary to its position that it had cause for the discipline. Nor did the Union show by a preponderance of the evidence "that there was not just cause." As a result, under the plain language of the CBA, the arbitrator has no power to change the discipline imposed by the hospital.

To be sure, we cannot reverse an arbitrator's mistaken interpretation of a CBA if the arbitrator is "even arguably construing or applying the contract and acting within the scope of his authority." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37 (1987). Thus, we must uphold the decision of the

arbitrator in the LeFave matter; she at least explained her wrongheaded interpretation of Article 19. But the arbitrator in the Benedito matter plainly did not do that. After quoting the language of Article 19, he ignored it in favor of his own preferred approach, stating: "The burden of proof is generally held to be on the Employer to prove guilt of wrongdoing, and probably always so where the agreement requires just cause for discipline." In other words, rather than interpret the CBA, the Benedito arbitrator "dispense[d] his own brand of industrial justice." *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960).

When an arbitrator's award "does not draw its essence from the collective bargaining agreement and the arbitrator is dispensing his own brand of industrial justice," we are required to reverse it. *S. Cal. Gas Co. v. Util. Workers Union of Am., Local 132, AFL-CIO*, 265 F.3d 787, 792–93 (9th Cir. 2001). The majority's suggestion that the arbitrator need only recite the contract terms and not actually apply them, Maj. op. at 3, is contrary to the Supreme Court and our case law, which require the arbitrator to "constru[e] and apply[] the contract." *Misco*, 484 U.S. at 38; *S. Cal. Gas Co.*, 265 F.3d at 792. Although arbitrators may look for guidance from the industrial common law when the CBA is silent on an issue, *SFIC Props., Inc. v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. Lodge*

2

*94, Local Lodge 311*, 103 F.3d 923, 926 (9th Cir. 1996), "[w]hen the arbitrator's words manifest an infidelity" to the plain language of the contract, "courts have no choice but to refuse enforcement of the award," *Enter. Wheel*, 363 U.S. at 597.

Because the Benedito arbitrator did not misread the contract, but clearly and openly ignored it, I would affirm the district court's vacatur in that matter. I dissent from the majority's failure to do so.